In re Glenn E. DONOWAY, Debtor.

Glenn E. DONOWAY, Plaintiff,

v.

Tommy TUCKER, Patricia P. Tucker and James R. Wooton, Trustee, Defendants.

Bankruptcy No. 90–5–3990–JS.
Adv. No. A90–0479–JS.

United States Bankruptcy Court,
D. Maryland.

Feb. 12, 1992.

Walter P. Drake, Berlin, Md., for debtor.

Melvin J. Caldwell, Jr., Salisbury, Md., for defendants Tommy Tucker and Patricia P. Tucker.

James R. Wooton, Baltimore, Md., trustee.

## MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JAMES F. SCHNEIDER, Bankruptcy Judge.

The instant complaint was filed by a Chapter 7 debtor to avoid a judicial lien on

the grounds that (1) it was obtained by the defendants within 90 days before the filing of the debtor's bankruptcy petition and is therefore a voidable preference and that (2) the lien impairs exemptions which the debtor is entitled to claim. The plaintiff filed a motion for summary judgment which will be denied.

FINDINGS OF FACT

1. Glenn R. Donoway filed a voluntary Chapter 7 bankruptcy petition in this Court on September 19, 1990. On the date of filing, the debtor was the owner of certain real property, including a house, located at 7016 Worcester Highway, Newark, Maryland, 21841.

2. On May 22, 1990, the defendants Tommy Tucker and Patricia P. Tucker obtained a judgment for breach of a construction contract against Mr. Donoway and others in the Circuit Court for Worcester County, Maryland in the amount of $35,000, plus interest in the amount of $3,200. The judgment was entered, indexed and recorded the same day by the clerk of the circuit court.

3. On June 1, 1990, Mr. Donoway and codefendants filed a motion to amend judgment, which the circuit court denied on June 28, 1990.

4. A notice of appeal was filed on July 26, 1990. So far as this Court is aware, that appeal is still pending. On August 22, 1990, the Tuckers obtained a writ of execution against Mr. Donoway's real estate which the sheriff had not executed by September 19, 1990, the day the debtor filed the instant bankruptcy petition.

5. The debtor filed the instant complaint to avoid lien on December 3, 1990. The complaint alleges that the judgment against the debtor did not become final until June 28, 1990, within the 90-day preference period, and is therefore voidable pursuant to Bankruptcy Code Section 547. The complaint also seeks the avoidance of the lien under Section 522(f)(1) of the Bankruptcy Code which provides that the fixing of a judicial lien on the debtor's interest in property may be avoided to the extent that the lien impairs the debtor's exemptions. In this case, the debtor has claimed an exemption in real property in the amount of $5,125. In his Schedule B-1 (Real Property), the debtor assigned to his real estate a fair market value of $60,000. In his Schedule B-4 (Property Claimed As Exempt), the debtor stated that his equity in the real estate equalled $24,000 ($60,000 fair market value less liens of $36,000). The debtor filed a motion for summary judgment [P. 5] on February 26, 1991.

CONCLUSIONS OF LAW

1. The standards for granting motions for summary judgment were set forth by the Fourth Circuit Court of Appeals in the case of *Miller v. F.D.I.C.*, 906 F.2d 972, 973–74 (1990):

Summary judgments are appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In other words, summary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. *Charbonnages De France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950). On summary judgment, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). However, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Id.* at 587, 106 S.Ct. at 1356; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Most importantly, summary judgments are reviewed *de novo* on appeal. *Higgins v. E.I. DuPont De Nemours & Co.*, 863 F.2d 1162, 1166–67 (4th Cir.1988); *Felty v. Graves–*

**158**

*Humphreys Co.*, 818 F.2d 1126, 1127–28 (4th Cir.1987).

*Id.*

■ 2. While the debtor claims that he is entitled to summary judgment because the Tuckers' lien impairs his exemptions, there exists a genuine dispute between the parties as to a material fact, that is, the value of the debtor's real property. The debtor has appended to his memorandum in support of the motion for summary judgment copies of letters from two realtors which set forth their opinions as to the probable sale price to be obtained were the house to be sold. The debtor has also submitted a copy of his real estate tax bill including the assessed value of the property. Unfortunately, these exhibits are neither admissable or relevant to the issue of what was the fair market value of the debtor's real estate on the date the bankruptcy petition was filed. As the owner of real estate, the debtor is entitled to render his opinion as to the fair market value of the property. With that one exception, only the testimony of a qualified expert, such as an experienced appraiser, would be admissible on the issue. Real estate brokers and agents without specialized training in real estate appraising are not qualified to testify as to their opinions regarding fair market value. The burden is on the debtor to prove that the real property in this case has a certain value and that the defendant's lien impairs the debtor's exemptions. A tax assessment is irrelevant and should therefore be inadmissible as well. The defendants dispute the debtor's valuation of the real property, thereby precluding the granting of summary judgment on the Section 522(f)(1) portion of the complaint.

■ 3. On the issue of whether the judgment rendered against the debtor was a voidable preference, the court decides that it was not. The judgment was a final judgment when it was entered on May 22, 1990, more than 90 days before the debtor filed his Chapter 7 bankruptcy petition. Therefore, Section 547(b) is inapplicable to the facts of this case. Maryland Rule 2–601 indicates that the "date of entry" of a judgment establishes the date a lien on real property arises. Neimeyer and Richards, *Maryland Rules Commentary* 345 (1984). Therefore, the lien attached to the debtor's real property on May 22, 1990, the "date of entry" of the judgment. The Court will therefore dismiss the debtor's motion insofar as it is premised on Section 547(b).

For all these reasons, the debtor/plaintiff's motion for summary judgment will be denied and the instant complaint will be scheduled for trial on the merits of the debtor's claim under Section 522(f)(1).

ORDER ACCORDINGLY.